IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSE GARCIA, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:08-CV-292-Y | |
| § | | |
| REBECCA TAMEZ, Warden, § | | |
| FCI-Fort Worth, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.    PARTIES**

Petitioner Jose Garcia, Reg. No. 35533-054, is a federal prisoner who is incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

The Respondent is Rebecca Tamez, Warden of FCI-Fort Worth.

**C.    FACTUAL AND PROCEDURAL HISTORY**

Garcia is serving a 250-month term of imprisonment for his 1996 drug-related convictions in the United States District Court for the Southern District of New York. (Resp't Appendix at 2-3)

He filed the instant petition for writ of habeas corpus seeking modification or reduction of his sentence, a "compassionate release," due to his advanced age and deteriorating physical and medical condition. (*Id.* at 4) Garcia has filed a previous federal petition in this Court raising the same or similar issues, which was dismissed on exhaustion grounds. *Garcia v. Tamez*, Civil Action No. 4:04-CV-0135-Y.

**D.     DISCUSSION**

18 U.S.C. Section 3582(C)(1)(A)(i) provides that a court may not modify a term of imprisonment once it has been imposed except that, upon the motion of the Director of the Bureau of Prisons, the court finds that extraordinary and compelling reasons warrant such a reduction. Thus, compassionate release is appropriate only when there are extraordinary or compelling circumstances which could not have been foreseen at the time of sentencing, and the inmate has proposed release plans including future residence, means of support, where the inmate will receive medical attention, and how the inmate will pay for medical services. 28 C.F.R. §571.61; Bureau of Prisons Program Statement 5050.44, *Compassionate Release; Procedures for Implementation of 18 U.S.C. 3582(c)(1)(A) & 4205(g)*.

Instead of submitting a request for modification or reduction in sentence to Warden Tamez, as required by Program Statement 5050.46, Garcia submitted a request for administrative remedy requesting that the Director of the Federal Bureau of Prisons file a motion under 18 U.S.C. § 3582(c)(1)(A)(i), subject to the 2007 amendments to the Sentencing Guidelines, to reduce his sentence. He urged therein that his age and medical problems present extraordinary and compelling reasons warranting a reduction of his sentence or an alternative to imprisonment. (Resp't Appendix at 4) Tamez responded that no request for a modification or reduction in sentence had been

2

submitted by Garcia and that, until an inmate submits such a request and it is denied, he cannot pursue the Administrative Remedy Procedure. 28 CFR part 542, subpart B. (*Id.* at 6) Garcia appealed Tamez's response to the Regional Director, who, after investigating Garcia's allegations, denied the appeal on the basis that Garcia did not have any malignant or terminal illnesses and his health could be managed effectively with medication therapy. (*Id.* at 8) Garcia then appealed the Regional Director's decision to the Administrator of the National Inmate Appeals, who informed Garcia that only when the Warden or Regional Director denies a proper request for a modification or reduction in his sentence may he pursue the Administrative Remedy process. (*Id.* at 10)

The government argues that this Court lacks jurisdiction to consider a reduction of the term as requested by Garcia, or, in the alternative, that this is not the proper venue for the action. (Resp't Response at 3-4) Thus, the question arises of whether a § 2241 petition is the proper vehicle for bringing Garcia's claim. Apparently, this has been a question of some dispute in district courts. *See Levine v. Apker*, 455 F.3d 71, 78 n.2 (2nd Cir. 2006). Although it appears the Fifth Circuit has not yet addressed the issue, the Second Circuit's analysis of the issue is persuasive. *Id.* at 78-79. Because Garcia does not challenge the validity of his underlying conviction or sentence, only the execution of his sentence, a § 2241 action is proper. Further, this is the proper venue for the action, within the district where Garcia is currently confined and his custodian is located. *See Gutierrez v. Anderson*, Civil No. 06-1714-JRT/JSM, 2006 WL 3086892, at *2 (D.Minn. Oct. 30, 2006). *But see United States v. Maldonado*, 138 F.Supp.2d 328, 332 (E.D.N.Y. 2001).

Nevertheless, Garcia has not exhausted his administrative remedies in a procedurally correct manner; specifically, he did not formally request compassionate release or ask Tamez to file a motion on his behalf by submitting a request to her containing information regarding the

3

extraordinary or compelling circumstances that he believes warrant consideration and proposed release plans, including where he will reside, how he will support himself, where he will receive medical treatment, and how he will pay for such treatment. *See Engle v. United States,* 26 F. Appx. 394, 396 (6th Cir. 2001) (habeas challenge to denial of request for compassionate release dismissed because of failure to exhaust administrative remedies). Only after such a request is denied by the Warden or Regional Director, may Garcia appeal the denial through the Bureau's administrative remedy procedure and, upon completion thereof, pursue federal habeas relief.

Assuming Garcia met the exhaustion requirement, compassionate release is not available to him under § 3582(c)(1)(A)(i) because the Director of the Bureau of Prisons has not filed a motion to modify his sentence. *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997) (defendant not eligible for special circumstances reduction in sentence based on medical condition in absence of any motion by the Bureau of Prisons); *Overstreet v. Francis*, Civil Action No. 5:07-CV-59, 2008 WL 644766, at *2 (N.D.W.Va. Mar. 6, 2008) (same); *Mickelson v. Holinka*, No. 06-4261, 2007 WL 2262877, at * 2-3 (JNE/SRN) (D.Minn. Aug. 3, 2007); *Jones v. United States*, No. H-06-2599, 2006 WL 3469584, at *3-6 (S.D.Tex. Nov. 28, 2006). Under these circumstances, a court need not consider whether an inmate has set forth extraordinary and compelling circumstances warranting a reduction in his/her sentence because in the absence of a motion by the Director of the Bureau of Prisons, a court lacks statutory authority to grant a compassionate release. Assuming this Court had jurisdiction to review Garcia's claim, the question is whether the Bureau's action is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. This question is premature at this juncture. *See Todd v. Fed. Bur. of Prisons*, 31 F. Appx. 833, 2002 WL180708, at *2 (5th Cir. Jan. 11, 2002).

4

## II. RECOMMENDATION

It is recommended that Garcia's petition for writ of habeas corpus be DENIED without prejudice on exhaustion grounds.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 5, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Garcias v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 5, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 15, 2009.

                                              /s/   Charles Bleil
                                             CHARLES BLEIL
                                             UNITED STATES MAGISTRATE JUDGE